McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
88 Pine Street, 24th Floor
New York, New York 10005
(212) 483-9490
Attorneys for Defendant



IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN HOME MORTGAGE CORP., | JUDGE BATTS |
| Plaintiff, | 07 CIV 7044 |
| v. | Civil Action No. |
| OMEGA FINANCIAL SERVICES, INC., | NOTICE OF REMOVAL |
| Defendant. | |

Pursuant to 28 U.S.C. §§1441 and 1446, defendant Omega Financial Services, Inc. ("Defendant"), hereby gives notice of the removal of this action from the Supreme Court of New York, New York County, where it bears Index No. 602365/07.

1. Defendant was first served with a copy of the Complaint of American Home Mortgage Corp. ("Plaintiff") on July 19, 2007. Defendants were not previously served with any pleadings in this matter. This notice is being filed within thirty (30) days of the first service of the Complaint on Defendant and, therefore, is timely under 28 U.S.C. §1446. A copy of the Complaint is attached as Exhibit A. No other process, pleadings, or orders have been served on Defendant in this matter.

2. The Complaint alleges that Defendant has breached the parties' Mortgage Loan Purchase Agreement, effective October 25, 2006, by failing to repurchase a defaulted mortgage loan in the amount of $468,487.76. Accordingly, Plaintiff seeks specific performance of the

Mortgage Loan Purchase Agreement or, in the alternative, Judgment against Defendant in the amount of $468,487.76, in addition to an award of indemnification for the legal fees, costs and expenses incurred by Plaintiff in the action.

3.  Removal is based on the original jurisdiction of this Court under 28 U.S.C. §1332.

4.  The Court has jurisdiction over this action pursuant to 28 U.S.C. §1332 because there is complete diversity of the citizenship of the parties and the amount in controversy exceeds the sum or value of $75,000 exclusive of interests and costs. In the Complaint, Plaintiff alleges that it is a corporation of the State of New York having its principal place of business in New York (Complaint, ¶1). Defendant is a New Jersey corporation having its principal place of business located in New Jersey (Complaint, ¶2).

5.  The amount in controversy is satisfied based on the claims in the Complaint. Plaintiff indeed alleges that it is owed, and seeks to recover from Defendant, the total sum of $468,487.76.

6.  The amount in controversy is also satisfied by the claim for specific performance. In diversity actions seeking equitable relief, the amount in controversy is measured by the value of the right sought to be protected by the equitable relief. Columbia Gas Transmission Corp. v. Tarbuck, 62 F.3d 538 (3d Cir. 1995); Porter v. Hollander, 494 F.Supp. 151, 152 (D.C.Del. 1980). In this case, the value of the injunctive relief is the amount of the defaulted mortgage loan ($468,487.76).

7.  This Court, therefore, has original jurisdiction over this action pursuant to 28 U.S.C. §1332, and removal of the action to this Court is proper pursuant to 28 U.S.C. §1441(b).

8.  In connection herewith, Defendant is paying the proper filing fee in connection with the removal of this case.

WHEREFORE, defendant, Omega Financial Services, Inc., respectfully requests that this case proceed before this Court as an action properly removed.

McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
Attorneys for Defendant

By: _____
      WILLIAM N. AUMENTA (WA0141)

Dated: August 6, 2007

# EXHIBIT A

F:\DOCS\GENLIT\AMERICAN HOME MORTGAGE\OMEGA\SUMMONS

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------x
AMERICAN HOME MORTGAGE CORP.,

                Plaintiff,

-against-

OMEGA FINANCIAL SERVICES, INC.,

                Defendant.
-----------------------------------------------------------------x

Date Filed: July 18, 2007
Index No. 602365/07

SUMMONS

Plaintiff designates New York County as the place of trial

The basis of venue designated is plaintiff has offices at:
90 Park Avenue
New York, New York

NOT COMPARED WITH COPY FILE

To the above named Defendant:

        **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on plaintiff's attorneys within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: White Plains, New York
       July 17, 2007

                                    SOLOMON & TANENBAUM, P.C.
                                    Attorneys for Plaintiff
                                    AMERICAN HOME MORTGAGE CORP.

                    By:    _____
                          Clifford M. Solomon
                          707 Westchester Avenue, Suite 205
                          White Plains, NY 10604
                          (914) 289-0800

Defendant's address:

1872 Morris Avenue
Union, New Jersey 07083

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK COUNTY
------------------------------------------------------------x
AMERICAN HOME MORTGAGE CORP.,           Index No. 602365/07

               Plaintiff,

    - against -                            VERIFIED COMPLAINT

OMEGA FINANCIAL SERVICES, INC.,

               Defendant.
------------------------------------------------------------x

        Plaintiff, AMERICAN HOME MORTGAGE CORP. ("AHM"), by its attorneys, SOLOMON & TANENBAUM, P.C., for its complaint against defendant, OMEGA FINANCIAL SERVICES, INC. ("Omega"), alleges as follows:

### ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

        1.    At all times herein after mentioned, AHM was and still is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 538 Broadhollow Road, Melville, New York and with offices in various other locations, including 90 Park Avenue, New York, New York.

        2.    Upon information and belief, at all times herein after mentioned, Omega was and still is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business at 1872 Morris Avenue, Union, New Jersey.

        3.    This Court has jurisdiction over Omega pursuant to an agreement that Omega entered with AHM (the "Mortgage Loan Purchase Agreement"), effective October 25, 2006, wherein the parties agreed to submit, *inter alia*, to the jurisdiction of the courts in the State

1

of New York.

## FOR A FIRST CAUSE OF ACTION

4. Pursuant to the Mortgage Loan Purchase Agreement, Omega agreed to sell, and AHM agreed to purchase, certain mortgage loans "in accordance with the terms and conditions of and the AHM Correspondent Guide, as amended from time to time (the 'Guide')," the terms and conditions of the Guide were incorporated by reference in the Mortgage Loan Purchase Agreement.

5. Section 6.5 of the Guide provides that AHM reserved the right to require Omega to repurchase any mortgage loans which were in "Early Payment Default," as that term was defined in Section 6.5 of the Guide; and Section 6.5 of the Guide sets forth how the repurchase price would be calculated for any mortgage loan that was required to be repurchased by reason of an "Early Payment Default."

6. Further, Section 8.94 of the Guide provides, in relevant part, as follows:

> The Correspondent [Omega] shall have a period of thirty (30) days from . . . its receipt of notice of any Breach to correct or cure such Breach. The Correspondent [Omega] hereby covenants and agrees that if any such Breach is not corrected or cured within such thirty (30) day period, the Correspondent [Omega] shall, within such period, at AHM's option, repurchase such Mortgage Loan at the Repurchase Price.

7. Pursuant to the Mortgage Loan Purchase Agreement, AHM purchased various mortgage loans from Omega, including the following mortgage loan which is now in default (the "Defaulted Mortgage Loan") as a result of an Early Payment Default, as defined in Section 6.5 of the Guide:

2

Loan No.:    1526120
Borrower:    Maria Castillo
Property:    1850 Davis Court
             Los Banos, CA 93635.

8.  Heretofore, AHM sent various written notices to Omega advising that the Defaulted Mortgage Loan was in breach of Section 6.5 of the Guide and demanding that Omega repurchase the Defaulted Mortgage Loan from AHM pursuant to Section 8.94 of the Guide.

9.  Thirty (30) days have elapsed since AHM provided notices demanding that Omega repurchase the Defaulted Mortgage Loan pursuant to Section 8.94 of the Guide, but Omega (a) failed to cure or correct the breach of Section 6.5 of the Guide and (b) refused, and continues to refuse, to repurchase the Defaulted Mortgage Loan from AHM.

10. Pursuant to Section 6.5 of the Guide, the repurchase price for the Defaulted Mortgage Loan was $468,487.76 as of May 29, 2007 (the "Repurchase Price").

11. Omega has refused and continues to refuse to repurchase the Defaulted Mortgage Loan despite due demands from AHM.

12. By refusing to repurchase the Defaulted Mortgage Loan, Omega has breached the Mortgage Loan Repurchase Agreement.

13. American Home is ready and willing, and hereby again offers, to reassign the Defaulted Mortgage Loan to Omega upon payment of the Repurchase Price.

14. American Home has no adequate remedy at law, and requests that this Court specifically enforce the Mortgage Loan Repurchase Agreement, and compel Omega to repurchase the Defaulted Mortgage Loan from AHM.

## FOR A SECOND CAUSE OF ACTION

15. AHM repeats and realleges the allegations contained in paragraphs "4" through "14," inclusive, as though set forth at length herein.

16. Section 8.95 of the Guide provides, in relevant part, as follows:

Indemnification

The Correspondent [Omega] agrees to indemnify AHM and its affiliates and hold them harmless against any and all claims, losses, damages, fines, forfeitures, legal fees and related costs, judgments, and any other costs, fees, and expenses arising out of any Breach. The foregoing indemnification shall include but not be limited to costs incurred by AHM in connection with enforcing its rights under the Agreement . . .

17. By reason of the foregoing, Omega is liable for legal fees and costs, fees and expenses incurred by AHM in enforcing its rights under the Mortgage Loan Repurchase Agreement, the exact amount to be established at the trial of this action.

WHEREFORE, AHM demands judgment against Omega as follows:

(a) on the first cause of action, judgment compelling Omega to repurchase the Defaulted Mortgage Loan from AHM in accordance with the Mortgage Loan Repurchase Agreement or, in the alternative, if specific performance is not ordered, directing that a money judgment be entered in favor of AHM and against Omega in an amount to be determined by this Court, which should be no less than $468,487.76, with interest thereon;

(b) on the second cause of action, directing that a money judgment be entered in favor of AHM and against Omega in an amount to be determined by this Court for legal fees and costs, fees and expenses incurred by AHM in

4

        enforcing its rights under the Mortgage Loan Repurchase Agreement;

(c)    together with the costs and disbursements of this action; and

(d)    for such further and other relief as the Court deems just and proper.

Dated: White Plains, New York
July 17, 2007

                          SOLOMON & TANENBAUM, P.C.
                          Attorneys for Plaintiff
                          AMERICAN HOME MORTGAGE CORP.

By: _____
       Clifford M. Solomon, Esq.
       707 Westchester Avenue, Suite 205
       White Plains, New York 10604
       (914) 289-0800

## ATTORNEY VERIFICATION

CLIFFORD M. SOLOMON, an attorney at law duly admitted to practice before the Courts of this State, affirms, under the penalty of perjury, as follows:

I am a member of SOLOMON & TANENBAUM, P.C., attorneys for plaintiff.

I have read the foregoing Complaint and know the contents thereof; and the same is true to my knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters, I believe the same to be true.

This verification is made by me and not by plaintiff since plaintiff maintains its principal offices in a county other than the county where I maintain my offices.

The grounds for my belief as to all matters not stated upon my own knowledge are books and records in my possession and conversations with representatives of plaintiff.

Dated: July 17, 2007

Clifford M. Solomon

6

## ATTORNEY'S CERTIFICATION

I, the undersigned attorney, am admitted to practice law in the State of New York, and am an officer of the Court. I am a member of SOLOMON & TANENBAUM, P.C., attorneys for plaintiff, AMERICAN HOME MORTGAGE CORP., in the above action.

I hereby certify, pursuant to 22 NYCRR 130-1.1, that, upon information and belief and reasonable inquiry, the presentation of the within papers or the contentions therein are not frivolous as defined by 22 NYCRR §130-1.1(c).

Dated: White Plains, NY
July 17, 2007

Clifford M. Solomon