IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

---

AMERICAN HOME MORTGAGE CORP.,

    Plaintiff,

v.

OMEGA FINANCIAL SERVICES, INC.,

    Defendant.

: Civil Action No. 07 CV 7044 (DAB)

: (Document Filed Electronically)

---

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

---

MCELROY, DEUTSCH, MULVANEY
& CARPENTER, LLP
88 Pine Street, 24th Floor
New York, New York 10005
(212) 483-9490

-and-

CHARTWELL LAW OFFICES, LLP
The Bell Atlantic Tower
1717 Arch Street, Suite 2920
Philadelphia, PA 19103
(*Pro hac vice application pending*)

Attorneys for Defendant

William N. Aumenta, Esq.
Of Counsel

Michael J. Needleman, Esq.
On The Brief

I. **INTRODUCTION**

In October, 2006, Defendant, Omega Financial Services, Inc. ("Omega") entered into a broker agreement with Innovia Estates and Mortgage Corp. ("Innovia"). Omega is a mortgage lender and wholesaler located in Union, New Jersey. Innovia is a real estate and mortgage broker located in San Jose, California. Pursuant to the broker agreement, Innovia submitted a mortgage application to Omega on behalf of Maria Castillo ("Castillo") for a loan in the amount of approximately $440,000.00. Castillo is a resident of Salinas, California. Unbeknownst to Omega – and despite its due diligence in investigating and verifying the information contained in the application – the application contained numerous false statements. However, Omega could not have discovered the fraud until it did, in March, 2007, when Castillo defaulted on the loan, and after it had been sold to Plaintiff, American Home Mortgage Corp. (AHM"), pursuant to a correspondent agreement between Omega and AHM.

As soon as Omega discovered the fraud, it filed an action against Innovia and Castillo in the United States District Court for the District of New Jersey, Newark Vicinage. See, Needleman Decl., Exhibit "A." Thereafter, it kept AHM informed of the status of that ongoing litigation, and AHM agreed not to enforce its correspondent agreement, pending the outcome of the New Jersey litigation. Notwithstanding the foregoing, AHM sued Omega in the Supreme Court of New York, New York County, to repurchase the Castillo loan. Now, this Court has the opportunity to dismiss AHM's complaint, or in the alternative, to transfer venue to the appropriate forum – the District of New Jersey.

II.   STATEMENT OF FACTS AND PROCEDURAL HISTORY

Omega is a mortgage lender and wholesaler located in Union, New Jersey. In or about October, 2006, it entered into a broker agreement with Innovia whereby Innovia would send mortgage loans to Omega to be funded in exchange for a fee. Innovia's first loan ever submitted to Omega was, in short, a disaster. Innovia submitted an application for refinancing that declared that Castillo had been employed for the previous 10 years as a product marketing manager, earning more than $18,000 monthly. Further, the application stated the property to be refinanced, 1850 Davis Court, Los Banos, California, was to be used as Castillo's primary residence. Neither statement was true. In fact, Castillo had not been employed outside the home since 2005, and the property was not going to be used as a primary residence. Omega completed its due diligence prior to approving the loan,[1] and funded the loan thereafter. Shortly thereafter, Omega sold the loan to AHM.

When, in March 2007, it became apparent Castillo had not made a single payment in connection with the loan, Omega discovered that the property was empty. Further investigation revealed that Castillo's "employer" never existed, and that she had not been employed outside the home since 2005.

Omega immediately filed suit against Castillo and Innovia in the United States District Court for the District of New Jersey (the "New Jersey litigation"). Omega also obtained a temporary restraining order prohibiting Innovia from taking any action in connection with the property. At the same time, Omega informed AHM of its actions.

---

[1] For example, Omega obtained verification of employment and earnings history concerning Castillo. It now appears this information was part of an elaborate ruse constructed by Innovia to complete the transaction. Further, Castillo credit score was well above Omega's minimum qualifying score.

To the extent Omega's success in that litigation would inure to the benefit of AHM, AHM agreed that Omega's actions were prudent, and that AHM would forego enforcement of the repurchase obligation of Omega in its correspondent agreement pending the outcome of the New Jersey litigation. Though Omega kept its word, AHM did not. Instead, it filed a Complaint in the Supreme Court of New York, New York County, on or about July 18, 2007. After Omega was served with the Complaint on July 19, 2007, it removed the action to this Court, and now moves this Honorable Court for an order dismissing AHM's complaint, or in the alternative, transferring this matter to the United States District Court for the District of New Jersey.

### III.  LEGAL ARGUMENT

For all the reasons set forth below, Plaintiff's Complaint must be dismissed on grounds of forum non conviens. In the alternative, Plaintiff's complaint should be transferred to the United States District Court for the District of New Jersey.

#### A. PLAINTIFF'S COMPLAINT MUST BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(b)(3) BASED UPON *FORUM NON CONVIENS*.

When confronted with a motion to dismiss on *forum non conviens* grounds, the decision "lies wholly within the broad discretion of the district court." Iragorri v. United Techs. Corp., 274 F.3d 65, 72 (2d Cir. 2001). See also, Telephone Sys. Int'l, Inc. v. Network Telecom PLC, 303 F. Supp.2d 377 (S.D.N.Y. 2003). "An evaluation of a motion to dismiss based upon *forum non conviens* proceeds in three stages. 'The "first level of inquiry" pertains to "determining whether the plaintiff's choice of forum is entitled to more or less deference".'" Network Telecom, 303 F. Supp.2d at 380.

Determining the level of deference owed to the plaintiff does not end the inquiry; the district court must then conduct the analysis laid down in Gulf Oil Corp. v. Gilbert, 330 U.S. 501 (1947). See, Giaguaro S.p.A. v. Amiglio, 257b F. Supp.2d 529, 537 (E.D.N.Y. 2003). The first step in that analysis is to determine whether an adequate alternative forum exists. Assuming that question is answered in the affirmative, the district court must then balance "a series of factors involving the private interests of the parties in maintaining the litigation in the competing for a and any public interests at stake." Amiglio, 257 F. Supp.2d at 537; see also, Aguinda v. Texaco, Inc., 303 F.3d 470 (2d Cir. 2002).

### 1. Plaintiff's choice of forum is not owed any greater deference because of the forum selection clause.

Forum selection clauses are ordinarily enforced unless they are unreasonable under the circumstances. Unreasonableness is ordinarily demonstrated where the clause was procured by fraud, unequal bargaining power, or where the chosen forum is seriously inconvenient for trial or where enforcement would convene a strong public policy in the forum in which suit is brought. See, Union Steel Am. Co. v. M/V Sanko Spruce, 14 F. Supp.2d 682, 686 (D.N.J. 1998), quoting, The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972).

In this case, because Innovia and Castillo are necessary parties, it would be seriously inconvenient to Omega to litigate this case in the Southern District of New York. Theoretically, Omega could implead Castillo and Innovia in this action. However, because Castillo and Innovia are already parties in the New Jersey litigation, and because the New Jersey litigation arises out of the same transaction or occurrence, Omega would

be exposed to serious inconvenience were it forced to litigate in this Court. Omega would be required, in essence, to try the same case twice, in different fora, to potentially different results.

Moreover, where the Court must rule upon a motion to dismiss on *forum non conveniens* grounds, the forum selection clause is but one more factor to consider; accordingly, it is not entitled to any greater weight than if AHM had simply forum-shopped and chosen the United States District Court for the Southern District of New York. See, The Plum Tree, Inc. v. Stockment, 488 F.2d 754 (3d Cir. 1973).

### 2. An adequate alternative forum exists.

There cannot be any doubt that the United States District Court for the District of New Jersey is an adequate forum in which to litigate this matter; there is pending litigation involving Omega, Innovia, Castillo, and to a great degree, AHM. See, Needleman Decl., Exhibit "A." There is nothing in the record to suggest the District of New Jersey could not interpret AHM's broker agreement at the same time it undertakes to interpret Omega's broker agreement. Finally, depositions of parties has already begun in the New Jersey litigation, and that testimony will be important, if not crucial, to a determination of AHM's pending complaint.

#### a. Private factors

The private factors that must be considered are 1) ease of access to evidence; 2) costs for witnesses to attend trial; 3) availability of compulsory process; 4) other factors that might shorten trial or make it less expensive. Network Telecom, 303 F. Supp.2d at

382; Capital Currency Exchange, N.V. v. National Westminster Bank PLC, 155 F.3d 603 (2d Cir. 1998).

Here, one of, if not the, central considerations will be the degree to which Castillo committed fraud as to Omega (and subsequently as to AHM), and the degree to which Innovia assisted in the commission of that fraud. The conduct of Castillo and Innovia is directly related to the claims brought by AHM, and by necessity, Castillo and Innovia will have to be joined as parties to that action. As the Newark case is proceeding, it has been determined that Newark will the location where discovery will be retained. Further, AHM's witnesses are as easily compelled to attend trial or depositions in New Jersey as in New York. AHM's headquarters, located in Melville, New York, are just 53 miles from the location of the Courthouse in Newark, New Jersey. Under Fed. R. Civ. P. 45(b)(2), witnesses may be compelled to appear within 100 miles of the location of the courthouse. At the same time, given the importance of Castillo and Innovia, New Jersey is the venue with the easisest access to evidence and most ready availability to compel process; Innovia has submitted to the jurisdiction of the District of New Jersey, as has Castillo. On the other hand, neither Omega nor AHM could compel Castilllo or Innovia to attend depositions or trial in New York, as Salinas, California, and San Jose, California, respectively are well more than 100 miles from the location of this Honorable Court.

It is perhaps true that the relative costs of attending depositions and trial are similar for AHM and Omega. However, when all the factors are considered, the balance clearly weighs in favor of dismissal of AHM's complaint.

### b. Public factors

The public interest factors address concerns of judicial economy. Network Telecom, 303 F. Supp.2d at 383. they are 1) administrative difficulties associated with court congestion; 2) the unfairness of imposing jury duty on a community with no relation to the litigation; 3) the interest in having localized controversies decided at home; and 4) avoiding difficult problems in conflict of laws and the application of foreign law. See, Aguinda, 303 F.3d at 480. While it is true that "[t]he existence of related litigation is not one of the factors enumerated by Gilbert," Guidi v. Inter-Continental Hotels Corp., 224 F.3d 142, 148 (2d Cir. 2001), it is nevertheless a consideration that should be taken into account. Id. at the same time, it has been repeatedly stated that the Southern District of New York is "one of the busiest in the country, making it a paradigmatic 'congested center' of litigation..." Network Telecom, 303 F. Supp.2d at 384.

As New Jersey is a more than adequate alternative forum, AHM's complaint should be dismissed. Moreover, it would be fundamentally unfair to impose jury duty on members of this community, when clearly the center of gravity of this dispute lies in New Jersey. The unlawful actions of Innovia and Castillo were first felt by Omega in New Jersey. AHM, as the purchaser of the loan given by Omega is at best a secondary victim. Accordingly, a New Jersey jury is at least as capable of rendering a just award as a New York jury.

### B. IN THE ALTERNATIVE, PLAINTIFF'S COMPLAINT SHOULD BE TRANSFERRED TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

A district court may transfer an action to another district in which it might have been brought if the transfer is for "the convenience of the parties and witnesses, in the

interest of justice." 28 U.S.C. § 1404(a). A motion to transfer venue is governed by the same principles as a motion to dismiss for *forum non conveiens*. See, Norwood v. Kirkpatrick, 349 U.S. 29 (1955).

For all the reasons set forth in Omega's motion to dismiss, Section A *supra*, the balance of factors weighs overwhelmingly in favor of transferring this case to the United States District Court for the District of New Jersey.

IV. CONCLUSION

For all the reasons set forth herein, Defendant, Omega Financial Services, Inc. respectfully requests that this Court grant its motion, and dismiss Plaintiff's complaint, or in the alternative, transfer this matter to the United States District Court for the District of New Jersey.

Dated: August 14, 2007        By: _____
                                   BRIAN CAREY (BC 6041)
                                   WILLIAM N. AUMENTA (WA0141)
                                   **MCELROY, DEUTSCH, MULVANEY**
                                   **& CARPENTER, LLP**
                                   88 Pine Street, 24th Floor
                                   New York, New York 10005
                                   (212) 483-9490

                                        -and-

                                   MICHAEL J. NEEDLEMAN
                                   **CHARTWELL LAW OFFICES, LLP**
                                   The Bell Atlantic Tower
                                   1717 Arch Street, Suite 2920
                                   Philadelphia, PA 19103
                                   (*Pro hac vice application pending*)

                                   Attorneys for Defendant